JOHN Q. HAYES, appellant,

v.

WILLIAM BERDAN, administrator of William H. Hayes, deceased, respondent.

On appeal from an order sustaining a demurrer advised by Vice-Chancellor Van Fleet, reported in *Hayes* v. *Hayes, 18 Stew. Eq. 461.*

*Mr. George S. Hilton,* for the appellant.

*Mr. John W. Griggs,* for the respondent.

DIXON, J. (dissenting).

The appellant is the legatee under the will of Robert Hayes, deceased, of a debt owed by William Berdan as administrator of William H. Hayes, deceased, but because the executrix of Robert Hayes has not assigned the debt to him, nor assented to his ownership of it, he has no legal title. His bill is exhibited against both the executrix and the debtor, so that he may have a discovery whether any part of the debt has been paid to the executrix, and may also have his right to the debt ascertained and its payment to himself decreed. On demurrer the bill was dismissed, on the ground that the complainant had a complete remedy by action at law against the debtor in the name of the executrix.

Choses in action not being assignable at common law, the assignee of a debt had theoretically only an equitable interest in it. Nevertheless, from early times courts of law permitted such an assignee to sue for the debt in the name of the assignor, and protected his rights. Consequently courts of equity refused to entertain a bill presented by the assignee, when he sought merely to collect the legal debt.

But where there are special circumstances connected with the vindication of his rights, which require the intervention of a court

Hayes v. Berdan.

of equity, there, of course, he may seek its aid; and upon the principle that when a court of equity is properly invoked it will endeavor to do complete justice in the premises, the remedy in equity may embrace the collection of the debt, so as to avoid multiplicity of suits.

Such circumstances, I think, appear in the present case. The complainant has no assignment of the debt, nor any evidence of his right which a court of law could consider. While, according to the allegations of his bill, that the debt was specifically bequeathed to him, and that it is not required to meet the debts of the testator, he is clearly entitled to the debt, yet so far as appears a court of law could not recognize his title, because it could not investigate the sufficiency of the testator's estate to satisfy his creditors, and would therefore be obliged to regard the executrix only as owner of the debt. I therefore think that he was justified in appealing to equity to have his right to the debt established, and that the court should thereupon also decree payment to him by the debtor.

The complainant was also driven into this dilemma: Having demanded the debt from the administrator, Berdan, the latter notified him that his claim was disputed; under the statute, that compelled him to institute a suit for its recovery within three months or be barred; but more than three months would be required, in the ordinary course of procedure, to secure through a decree in chancery such an assent or assignment from the executrix as would enable him to show his right to the debt in a court of law. His only adequate relief, therefore, seemed to be to bring the debtor into equity to answer his purely equitable title, which might there in a single suit be both tested and, if valid, enforced.

I think the order appealed from should be reversed.

*For affirmance*—THE CHIEF-JUSTICE, MAGIE, REED, SCUD-DER, VAN SYCKEL, BROWN, CLEMENT, SMITH, WHITAKER—9.

*For reversal*—DIXON, GARRISON, KNAPP—3.